IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SANDRA RODRIGUES,<br>        **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **KFS LEWISVILLE** | § | **CIVIL ACTION NO. 4:19-cv-822** |
| **  PROPERTIES, LLC** | § | **JURY** |
| **  D/B/A SUBURBAN EXTENDED** | § | |
| **  STAY HOTEL, and** | § | |
| **COLUMBIA HOSPITALITY** | § | |
| **  MANAGEMENT, LLC** | § | |
| **        Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Sandra Rodrigues, files this Complaint against Defendants, KFS Lewisville Properties, LLC d/b/a Suburban Extended Stay Hotel and Columbia Hospitality Management, LLC (hereinafter collectively "Defendants") and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff Sandra Rodrigues is a citizen of the United States and the State of Texas and resides in Denton County, Texas.

2.      Defendant Columbia Hospitality Management maintains its principle office at 6190 Powers Ferry Rd., Suite 540, Atlanta, Georgia 30339 and is a foreign limited liability company doing business in Lewisville, Denton County, Texas and may be served with process by serving its registered agent authorized to accept service: Samantha Kolic, 1920 Lakepoint Drive, Lewisville, Texas 75057 or Ronald L. Lozoff, 3550 McCue, Ste. 504, Houston, Texas 77056.

3.       Defendant, KFS Lewisville Properties, LLC, is a foreign limited liability company doing business in Texas as Suburban Extended Stay Hotel, and may be served through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.

## JURISDICTION AND VENUE

4.       The Court has jurisdiction over this lawsuit pursuant to 28 USC § 1331 because the action arises under the Fair Labor Standards Act, as amended, 29 U.S.C.A. §§ 201 et seq.

5.       Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred within Denton County, Texas in the Eastern District of Texas.

## COVERAGE

6.       At all times discussed herein, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.       At all times discussed herein, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.       On information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00 per year.

9.       Plaintiff was employed by Defendants in Lewisville, Texas from February 2015 until on or about July 31, 2019.

10.      At all relevant times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

## NATURE OF ACTION

11.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.A. §§ 201 et seq. ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) pre-judgment and post-judgment interest; and (4) attorney's fees and costs.

12.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime wages in direct contravention of the FLSA.

## FACTS

13.     On or about February 2015 Plaintiff, Sandra Rodrigues, was hired by Defendants to work as a Front Desk Agent at Defendant's business, Suburban Extended Stay, located at 1920 Lakepointe Drive, Lewisville, Texas 75057. In September 2015, her title was changed to Assistant Manager; however, her primary job duties remained the same.  In addition to the title change, the Company also improperly classified her as an exempt employee, and thereafter, failed to pay her overtime in compliance with the FLSA.

14.     Ms. Rodrigues's primary job duties did not meet the requirements for exempt status under any provision of the FLSA.  She did not supervise any employees, nor did she have actual management authority or duties, nor did a primary component of her job involve the exercise of independent judgment and discretion on matters of significance.  Her work was closely managed by her supervisors and she was prohibited from making decisions of significance to the operation of the business without approval.  In fact, she was frequently told by Supervisor Sergio Maranan that she was doing the job all wrong.

15.     Based on the primary job duties actually performed, Ms. Rodrigues should have been classified as a non-exempt employee. The change in job title and non-exempt status was a means to deprive Ms. Rodrigues of overtime pay.

16.     During Plaintiff's employment with Defendants, she regularly worked over 40 hours per work week.   Plaintiff typically was scheduled to work six (6) days a week and her work shift typically consisted of nine (9) hours per day.  Plaintiff was also "on call" and was frequently called in after-hours to handle various matters and to drive the parking lots to count cars for comparative sales reports, but was not paid overtime pay for the additional hours.

17.     Plaintiff was not paid overtime wages. Plaintiff was paid a salary of $28,000 per year. Work performed above forty (40) hours per week was not paid at time and one-half her regular hourly rate as required by the FLSA. 29 U.S.C. § 207(a).

18.     Ms. Rodrigues was entitled to overtime wages for all hours worked in excess of 40 in a given workweek. Instead, the Defendants paid Ms. Rodrigues a salary without overtime pay, regardless of whether the hours worked in a given work week exceeded 40 hours.

19.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate in direct violation of the FLSA.

## COUNT 1: FAILURE TO PAY OVERTIME WAGES

20.     Plaintiff incorporates the preceding paragraphs by reference.

21.     At all relevant times, on information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22.     Plaintiff was entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

23.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

24.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the rate of time and one-half her regular hourly rate to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C.A. §§ 201 et seq., including 29 U.S.C.A. §§ 207(a)(1), 215(a).

25.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one-half for all hours worked in excess of 40 hours per week, when they knew or should have known such was due and that nonpayment of overtime pay would financially injure Plaintiff.

26.     As a result of Defendants' failure to properly record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to Plaintiff to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C.A. §§ 201 et seq., including 29 U.S.C.A. §§ 211(c), 215(a).

27.     Defendants failed to properly disclose or apprise Plaintiff of *her* rights under the FLSA.

**RELIEF SOUGHT**

28.　　Plaintiff is entitled to unpaid overtime wages pursuant to the FLSA.

29.　　Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff is entitled to an additional equal amount of the unpaid overtime wages as liquidated damages.

30.　　Plaintiff is entitled to an award of her reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C.A. § 216(b).

31.　　THEREFORE, Plaintiff, Sandra Rodrigues, respectfully requests that this court grant the following relief:

　　A.　　A declaratory judgment that the practices complained of are unlawful under the FLSA;

　　B.　　An injunction against Defendants, and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

　　C.　　An award of unpaid overtime wages due under the FLSA;

　　D.　　An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to FLSA;

　　E.　　An award of prejudgment and post-judgment interest;

　　F.　　An award of costs and expenses associated with this action, together with reasonable attorney's and expert fees; and

　　H.　　Such other and further relief as this court determines to be just and proper.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court, interest as allowed by law; attorney fees, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## JURY DEMAND

**Plaintiff respectfully requests a trial by jury.**

Respectfully submitted,

**ALBIN LAW GROUP**

*/s/ Laura E. Calhoun*
Laura E. Calhoun – Lead Attorney
Texas Bar No. 06342400
Email:  lcalhoun@albinlawgroup.com
John Mongogna
Texas Bar No. 240026727
E-mail: jmongogna@albinlawgroup.com
Baleigh Walker Cherry
Texas Bar No. 24098566
E-mail: bcherry@albinlawgroup.com
5665 Dallas Parkway
Suite 200
Frisco, TX 75034
Tel. (214) 423-5100
Fax. (214) 423-5111
**ATTORNEYS FOR PLAINTIFF**
**SANDY RODRIGUES**